RECEIVED
IN ALEXANDRIA, LA

MAY 22 2009

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

LOU ANNA BRYANT,
Appelant

CIVIL ACTION
NO. CV 08-0724

VERSUS

MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY,
Appellee

JUDGE JAMES T. TRIMBLE, JR.
MAGISTRATE JUDGE JAMES D. KIRK

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Lou Anna Bryant ("Bryant") protectively filed an application for Supplemental Security Income Benefits ("SSI") October 29, 2003. (R. 35-38). She alleged a disability due to diabetes, anemia, headaches, visions problems and limited use of her extremities. (R. 36-38, 52). Because her application was denied, Bryant requested and received a hearing before Administrative Law Judge Philip Kline on December 13, 2005. (R. 208).

On January 25, 2006, the ALJ issued an unfavorable decision. Bryant appealed the adverse decision to the Appeals Council who denied the request for review on May 25, 2006. (R. 3-5). On June 13, 2006, Bryant filed an appeal of the Commissioner's decision in this court and on May 22, 2007, Magistrate Judge Alonzo P. Wilson issued a Report and Recommendation which recommended the matter be reversed and remanded pursuant to the fourth sentence of 42 U.S.C. §405(g). (See, 2:06-cv-1006-PM; Doc. Item 10). On August 6, 2007, District Judge Patricia Minaldi issued a judgment adopting the report and recommendation. (See, 2:06-cv-1006-PM; Doc. Item 11).

A remand hearing was then held before ALJ Kline who issued another unfavorable decision and this appeal followed to this court and is currently before the undersigned for report and recommendation. (R. 220-231, 376-387).

To qualify for SSI, a claimant must file an application and be an "eligible individual" as defined in the Act. 42 U.S.C. 1381(a). Eligibility is dependent upon disability, income and other financial resources. 42 U.S.C. 1382(a). To establish disability, a claimant must demonstrate a medically determinable physical or mental impairment that can be expected to last for a continuous period of not less than twelve (12) months. Claimant must also show that the impairment precludes performance of the work previously done, or any other kind of substantial gainful employment that exists in the national economy. 42 U.S.C. 1382(a)(3).

## SUMMARY OF PERTINENT FACTS

Bryant protectively filed her application for SSI when she was fifty-two years of age and was considered a person closely approaching advanced age. Today, she is fifty-eight years of age and is considered to be a person of advanced age.

Bryant's work history is sporadic at best and her earning report reflects that she earned meager wages during three years of her adult life. (R. 49-50, 53). Accordingly, she has no past relevant work experience.

The transcript of the second hearing reflects that Bryant completed the ninth grade at an all black school which did not

offer special education classes. She testified that she could not keep the pace of the other children in her class. Today, she still has trouble reading and spelling. (58-59, 378-379).

Bryant complained she suffered from diabetes, high blood pressure, a hiatal hernia, pain in her left leg and hands due to her diabetes. (R.52). Due to these problems, she could not carry much weight, stand long (only ten minutes at a time before her leg begins to hurt) or walk more than a block or two. However, she advised she had no problems sitting. (R. 215-216)

Her daily routine consisted of rising around 9:00 or 10:00 in the morning, sweeping - though not for long periods, preparing meals on occasion and washing clothes. She listened to gospel music and left the house one to two times a week to grocery shop or see a doctor. (R. 216-218).

Bryant did not seek treatment for any mental impairment nor did she complain of any impairment or limitations to her doctors. However, Disability Determination Services ("DDS") saw the need for a psychological evaluation and referred Bryant to clinical psychologist, Alfred E. Buxton, Ph.D. to conduct the same. Dr. Buxton reported that he was unable to administer the Wechsler Adult Intelligence Scale-III ("WAIS-III") as requested due to the fact Bryant presented in a "bogus or otherwise fake bad fashion". (R. 72-74).

Approximately nine months later, counsel for Bryant arranged for licensed psychologist, Naomi Friedberg, Ph.D., to conduct a psychological evaluation. Counsel for Bryant also spoke to her

regarding her need to be cooperative and truthful with Dr. Friedberg. Dr. Friedberg was able to administer the WAIS-III and concluded that Bryant's verbal IQ was 67, her Performance IQ was 56 and her Full Scale IQ was 59. Dr. Friedberg also diagnosed Bryant with Dysthmic Disorder with superimposed Major Depressive Episodes, moderate to severe with possible psychotic features. (R. 102-106, 380-381).

In his second unfavorable decision, ALJ Kline reiterated his acceptance of Dr. Buxton's opinion and advised that he gave little weight to the opinion of Dr. Friedberg. In support, he noted that Bryant was never hospitalized nor sought treatment for a mental impairment. The only medical evidence in the record regarding her mental disorder(s) were the opinions of Dr. Buxton and Dr. Friedberg and he found that Bryant faked her way through the examination with Dr. Buxton. Therefore, he found that the record did not support a finding that Bryant suffered from a medically determinable mental impairment. (R. 223-231).

## Standard of Review

In considering Social Security appeals such as the one presently before the Court, the Court is limited by 42 U.S.C. §405(g) to a determination of whether substantial evidence exists in the record to support the Commissioner's decision and whether the decision comports with relevant legal standards. McQueen v. Apfel, 168 F.3d 152, 157 (5th Cir. 1999). For the evidence to be substantial, it must be relevant and sufficient for a reasonable mind to support a conclusion; it must be more than a scintilla but

need not be a preponderance. Falco v. Shalala, 27 F.3d 160, 162 (5th Cir. 1994), citing Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 482 (1971). Finding substantial evidence does not involve a simple search of the record for isolated bits of evidence which support the Commissioner's decision but must include a scrutiny of the record as a whole.

A court reviewing the Commissioner's decision may not retry factual issues, re-weigh evidence, or substitute its judgment for that of the fact-finder. Fraga v. Bowen, 810 F.2d 1296, 1302 (5th Cir. 1987); Dellolio v. Heckler, 705 F.2d 123, 125 (5th Cir. 1983). The resolution of conflicting evidence and credibility choices are for the Commissioner and the ALJ, rather than the court. Allen v. Schweiker, 642 F.2d 799, 801 (5th Cir. 1981). Also, Anthony v. Sullivan, 954 F.2d 289, 295 (5th Cir. 1992). The court does have authority, however, to set aside factual findings which are not supported by substantial evidence and to correct errors of law. Dellolio, 705 F.2d at 125. But, to make a finding that substantial evidence does not exist, a court must conclude there is a "conspicuous absence of credible choices" or "no contrary medical evidence." Johnson v. Bowen, 864 F.2d 340 (5th Cir. 1988); Dellolio, 705 F.2d at 125.

## Issues

In her brief, Bryant raised the following issue:

(1) The ALJ committed an error of law in failing to find Ms. Bryant disabled pursuant to his own rules as of her 55th birthday.

(2) The ALJ erred, once again, in failing to find Ms. Bryant disabled pursuant to Listings 12.05B and/or

12.05C, as the evidence clearly supports such a finding.

(3) Alternatively, the ALJ failed, once again, to properly evaluate the severity of ALL of Ms. Bryant's medically determined impairments, resulting in a residual functional capacity assessment that was unsupported by the totality of the evidence.

Advanced Age

Bryant argues and the Commissioner acknowledges that the ALJ failed to acknowledge Bryant's change in classification from a "person closely approaching advanced age" to "advanced age" as of her 55th birthday. (R. 230). The Commissioner further acknowledges that the Medical-Vocational Guidelines direct a finding of disability for a claimant with Bryant's vocational profile who is advanced age. See, 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 203.10. Accordingly, it is recommended, as suggested by both parties, that the matter be remanded for the purpose of issuing an administrative decision granting benefits to Bryant from April 21, 2006, the date of her 55th birthday, forward.

Listings 12.05B and 12.05C

Bryant raises the issue of whether the ALJ erred in finding she did not meet either Listing 12.05B or 12.05C and, therefore, was not disabled. The crux of the argument is really whether or not the ALJ erred in finding that the opinion of clinical psychologist, Alfred E. Buxton, Ph.D., outweighed the opinion of

clinical psychologist Naomi Friedberg, Ph.D.[1]

"The ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion." Marinez v. Chater, 64 F.3d 172, 176 (5th Cir. 1995). However, the evidence cited by the ALJ in support of his decision (failure to seek treatment for a mental impairment and presenting oneself in a "bogus or otherwise fake bade fashion") are not sufficient to support his decision.

The evidence in the record shows that Bryant completed the ninth grade in a school that did not provide special education classes. By her own admission, she can read and write more than her name in English but she has trouble reading, spelling and explaining herself. (R. 51-59). Additionally, the medical evidence from Dr. Friedberg shows that Bryant's attorney and Dr. Friedman were aware of Bryant's poor effort with Dr. Buxton, that steps were taken to guard against this, that Dr. Friedberg found Bryant to be "alert and responsive" and that she "appeared to be concentrating well throughout the interview and testing process". (R. 102-103, 380-381). Furthermore, just as Dr. Buxton administered testing to confirm Bryant's behavior was a put on, that same testing would have been available to Dr. Friedberg had

---

[1] This issue is not new to Bryant's case. In fact, it was raised the first time this matter was before this Court for judicial review. See, 2:06-cv-1006. In a Report and Recommendation by Magistrate Judge Alonzo Wilson, which was adopted by Judge Patricia Minaldi, Judge Wilson remanded the case because ALJ Kline failed to even reference Dr. Friedberg's opinion in his decision. (R. 239-246). This time, the ALJ discusses the report but fails to cite any errors in Dr. Friedberg's opinion which led to his decision to afford it little weight.

she felt Bryant was anything but cooperative.

Given the less than convincing reasoning of the ALJ and, moreover, the conflicting evidence in the record, substantial evidence does not support the ALJ's conclusion. Furthermore, the record lacks substantial evidence to support a finding that Bryant suffers from a medically determinable mental impairment much less that the impairment meets either listing 12.05B or 12.05C. In view of the contradicting findings by the two psychologist, the matter should be remanded for the purpose of having Bryant submit to an exam by a **psychiatrist**, not a psychologist, for a third psychological assessment.

Evaluation of all impairments

Given the aforementioned remand to resolve conflicts in the record as to whether Bryant suffers from a medically determined mental impairment, it is unnecessary to address the question of whether the ALJ evaluated the severity of all of Bryant's medically determined impairments.

## Conclusion

Accordingly, based on the foregoing discussion, IT IS RECOMMENDED that the decision of the Commissioner be REVERSED and the matter REMANDED pursuant to the fourth sentence of 42 U.S.C. §405(g) to the Commissioner for further proceedings consistent with this opinion.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written

objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 25th day of May, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE